IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

DAMIEN MASSEY,

Plaintiff,

vs.

COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION,

Defendant.

**8:25CV473**

**ORDER ON AMENDED JOINT STIPULATION FOR EAJA FEES**

On June 1, 2026, the Court remanded this action for judicial review of the administrative denial of social security disability insurance benefits and supplemental security income benefits to the Commissioner for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g). Filing 26. Judgment entered accordingly the same day. Filing 27. On August 19, 2026, the parties filed a Joint Stipulation for EAJA fees. Filing 28. The next day, the Court rejected the parties' Joint Stipulation without prejudice to resubmission with the information required for the Court to determine whether the requested fees are appropriate under 28 U.S.C. § 2412(d). Filing 29.

This case is now before the Court on the parties' Amended Joint Stipulation for EAJA fees. Filing 31. The parties represent that they have agreed to a compromise settlement of Plaintiff's request for attorney fees in the amount of Ten Thousand Dollars ($10,000.00). Filing 31 at 2. They agree that this amount represents compensation for all legal services rendered on behalf of Plaintiff by counsel in connection with the civil action, in accordance with U.S.C. § 2412(d). Filing 31 at 1. This time, the parties have attached as an exhibit a time sheet documenting time expended by Plaintiff's attorneys, as well as Plaintiff's Fee Agreement with his attorney and Plaintiff's Declaration and Assignment of EAJA fees. Filing 31 at 1; Filing 31-1.

The Equal Access to Justice Act (EAJA) is codified in part at 28 U.S.C. § 2412(d). In pertinent part, § 2412(d) provides as follows:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the Unites States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1). The Eighth Circuit Court of Appeals has explained,

> Although a social security claimant may be a prevailing party for purposes of the EAJA, a fee award under the EAJA is not available unless the Commissioner lacked substantial justification for her position. 28 U.S.C. § 2412(d)(1)(A). A position enjoys substantial justification if it has a clearly reasonable basis in law and fact. *Brouwers v. Bowen*, 823 F.2d 273, 275 (8th Cir. 1987). Accordingly, the Commissioner can advance a losing position in the district court and still avoid the imposition of a fee award so long as the Commissioner's position had a reasonable basis in law and fact. *Id.* Further, a loss on the merits by the Commissioner does not give rise to a presumption that she lacked substantial justification for her position. *Keasler v. United States*, 766 F.2d 1227, 1231 (8th Cir. 1985). The Commissioner does, however, at all times bear the burden to prove a substantial justification. *Id.*

*Goad v. Barnhart*, 398 F.3d 1021, 1025 (8th Cir. 2005). The Supreme Court has observed that "[n]o holding of this Court has ever denied prevailing-party status (under § 2412(d)(1)(B)) to a plaintiff who won a remand order pursuant to sentence four of § 405(g)." *Shalala v. Schaefer*, 509 U.S. 292, 300 (1993); *Pottsmith v. Barnhart*, 306 F.3d 526, 529 (8th Cir. 2002) (quoting *Schaefer*, 509 U.S. at 300).

Here, Plaintiff obtained a remand pursuant to sentence four of § 405(g), *see* Filing 26, so he is a "prevailing party" within the meaning of the EAJA. *Schaefer*, 509 U.S. at 300. The Court recognizes that the Commissioner did not admit that his position was not substantially justified in either his Unopposed Motion to Reverse and Remand Pursuant to Sentence Four of 42 U.S.C. § 405(g), Filing 24, or his supporting Brief, Filing 25, even though lack of substantial justification

is a prerequisite to the award of EAJA fees. *See* 28 U.S.C.A § 2412(d)(1); *Good*, 398 F.3d at 1025. Nevertheless, the Commissioner has conceded Plaintiff's status as a prevailing party by filing an Unopposed Motion to Reverse and Remand Pursuant to Sentence Four of 42 U.S.C. §405(g), Filing 24, and by stipulating to the award of EAJA fees, Filing 31. Also, the Commissioner stated in his Unopposed Motion to Reverse and Remand Pursuant to Sentence Four of 42 U.S.C. § 405(g), that he "request[ed] the Court to remand this case to allow the Commissioner to conduct further proceedings pursuant to sentence four of 42 U.S.C. § 405(g) and Melkonyan v. Sullivan, 501 U.S. 89 (1991)." Filing 24 at 1. Thus, by conceding the need for remand and by not opposing the award of fees pursuant to the EAJA, the Commissioner has conceded that his position was not "substantially justified." *See Schaefer*, 509 U.S. at 300 ("No holding of this Court has ever denied prevailing-party status (under § 2412(d)(1)(B)) to a plaintiff who won a remand order pursuant to sentence four of § 405(g).").

The next issue is the amount of the award. "EAJA fees are determined not by a percent of the amount recovered, but by the 'time expended' and the attorney's '[hourly] rate,' § 2412(d)(1)(B), capped in the mine run of cases at $125 per hour, § 2412(d)(2)(A)." *Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002). The Court must allow fees for hours that "reasonably and adequately account [] for the attorney's court related services." *Stockton v. Shalala*, 36 F.3d 49, 50 (8th Cir. 1994). As to the hourly rate, "[t]he statutory rate for attorney fees for a prevailing social security claimant is '$75 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.'" *Stockton*, 36 F.3d at 50 (quoting 28 U.S.C. § 2412(d)(2)(A)(ii)).

In this case, Plaintiff's time sheet shows a total of 59.7 hours for work in this case by one attorney (51.3 hours at $263.75 per hour) and four paralegals (8.4 hours at $120 per hour), for a

total in fees of $14,538.38. Filing 31-1 at 1. As mentioned above, the parties have compromised the total fees requested in the amount of $10,000.00. Filing 31 at 1. If the Court counts only the hours worked by the attorney, $10,000 for 51.3 hours of work yields an effective hourly rate of $194.93. If the Court includes the hours worked by the paralegals, $10,000 for 59.7 hours of work yields an effective hourly rate of only $167.50. Calculated either way, the Court finds that this award is appropriate at a rate in excess of the statutory limit under the EAJA, owing to the increase in the cost of living. *See Stockton*, 36 F.3d at 50; *see also Gisbrecht*, 535 U.S. at 796 (explaining that EAJA fees depend upon the time expended and the hourly rate). The Court also finds that the total award is appropriate where the hours worked were reasonably expended in court-related services. *Id.*

Next, the Court turns to the process for payment. Pursuant to *Astrue v. Ratliff*, 560 U.S. 586 (2010), an award of attorney's fees pursuant to the EAJA "is payable to the litigant and is therefore subject to a Government offset to satisfy a pre-existing debt that the litigant owes the United States." *Ratliff*, 560 U.S. at 589. Thus, the Court would ordinarily order that the Commissioner make the fees awarded payable to Plaintiff rather than his counsel. In this case, the parties have stipulated that the Commissioner will direct that the award be made payable to Plaintiff's counsel and to his address of record, pursuant to the fee assignment signed by Plaintiff and Plaintiff's counsel. Filing 31 at 1; Filing 31-1 at 4. The Court concludes from that stipulation that there is no pre-existing debt that Plaintiff owes to the United States that would be subject to a Government offset. *Ratliff*, 560 U.S. at 589. For that reason, the Court will order payment as the parties have stipulated.

Finally, the parties stipulate that "[t]his award is without prejudice to the rights of Plaintiff's counsel to seek Social Security Act attorney fees under 42 U.S.C. § 406, subject to the

provisions of the EAJA." Filing 31 at 1. The Court will include that stipulation in its disposition of the EAJA fee claim.

Accordingly, upon the foregoing,

IT IS ORDERED that the parties' Amended Joint Stipulation for EAJA fees, Filing 31, is accepted, and Plaintiff is awarded $10,000.00 in attorney's fees pursuant to 28 U.S.C. § 2412(d).

IT IS FURTHER ORDERED that

1. The attorney's fees award shall be paid by the Social Security Administration, shall be made payable to Plaintiff's counsel, and shall be delivered to his address of record, pursuant to the fee assignment signed by Plaintiff and Plaintiff's counsel;

2. Payment of the attorney's fees in the amount specified shall constitute a complete release from and bar to any and all claims Plaintiff may have relating to attorney fees under the EAJA in connection with this action; but

3. This award is without prejudice to the rights of Plaintiff's counsel to seek Social Security Act attorney fees under 42 U.S.C. § 406, subject to the provisions of the EAJA in connection with this action.

Dated this 27th day of August, 2026.

BY THE COURT:

Brian C. Buescher
United States District Judge